Manly, J.
 

 This was a warrant, for the amount of an award, which had been made between the parties, with respect to a balance due upon a contract, set forth in the case, which award was the result of an arbitration consented to by the parties.
 

 Without going into a consideration of the question that was
 
 *506
 
 chiefly discussed below, of whose fault it was that the original contract was not fulfilled, we think, from the facts stated in the case, that the defendant is liable in “
 
 indebitatus as
 
 sumpsit” upon the award made.
 

 There is a dispute about unsettled matters of account. The parties agreed to refer it, (which is evidenced by their presence and conduct at the trial.) The arbitrators made ail award and announced it to the parties. The promise to pay what might be awarded, will be obligatory, without establishing a legal demand as a consideration. It might be conceded, without breaking the force of this conclusion, that the plaintiff’s claim was of a nature
 
 not
 
 to be enforced by any legal or equitable proceeding, yet, if it was entertained and preferred in good faith — made the subject of negotiation and arbitrament, then an express promise to pay the sum, which might be awarded, would be binding, and might be enforced. This seems to be the case before us.
 
 Findlay
 
 v. Ray, 5 Jones’ Rep. 125, is believed to be in point and decisive.
 

 We think, therefore, upon £he facts stated in the case, that ■the plaintiff was entitled to recover, according to his demand, the sum Awarded by the arbitrators.
 

 Per Curiam,
 

 Judgment affirmed.